**Hassan A. MOHAMMED,**
**Petitioner–Appellant,**

v.

**Kurt JONES, Respondent–Appellee.**

**No. 02–1629.**

United States Court of Appeals,
Sixth Circuit.

April 11, 2003.

Before BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

**514**

*ORDER*

Hassan A. Mohammed, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 9, 1989, after a bench trial, Mohammed was found guilty of felony murder and possession of a firearm during the commission of a larceny or attempted larceny. On November 29, 1989, the trial court sentenced Mohammed to two years in prison for the felony firearm conviction and to a consecutive term of life imprisonment for the murder conviction.

After exhausting available state court remedies, Mohammed filed his habeas petition raising the following grounds for relief:

I. Petitioner's conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.

II. Petitioner's conviction was obtained by use of coerced statements.

The district court denied habeas corpus relief, and granted Mohammed a certificate of appealability on his claim that his statements to the police were involuntary.

The district court reviewed the rulings by the state courts in Mohammed's case, that the statements to the police were voluntary, applying the "totality of the circumstances" standard, *see Withrow v. Williams,* 507 U.S. 680, 693, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993), and held that the state court's determination was not "unreasonable" under the provisions set out in 28 U.S.C. § 2254(d) and discussed in *Williams v. Taylor,* 529 U.S. 362, 410–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The district court was therefore required to hold—and did—that relief under § 2254 was not available to Mohammed.

After a study of the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the petition. Because the reasons why relief should be denied have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose.

Accordingly, the district court's judgment is affirmed upon the reasoning set out by that court in its opinion and order filed on April 30, 2002. Rule 34(j)(2)(C), Rules of the Sixth Circuit.